Aidan W. Butler (SBN 208399)
Attorney at Law
3540 Wilshire Blvd. Suite 1030
Los Angeles, California 90010
Telephone: (213) 388-5168
Telecopier: (213) 388-5178
tocontactaidan@gmail.com

Attorneys for Plaintiff MARCOS M. DeMATTOS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MARCOS M. DeMATTOS, an individual,

    Plaintiff,

vs.

CACV OF COLORADO, LLC, a Colorado limited liability company; NEUHEISEL LAW FIRM, P.C., an Arizona corporation; and DOES 1-10, inclusive,

    Defendants.

CASE NO.:

COMPLAINT FOR

1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT;

2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; AND

3) DECLARATORY RELIEF.

DEMAND FOR JURY TRIAL

## I. JURISDICTION AND VENUE.

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and 2202. Venue in this District is proper in that Plaintiff's claim arose in this District.

1

COMPLAINT

## II. THE PARTIES.

2. The plaintiff MARCOS M. DeMATTOS (hereinafter "Plaintiff") is a natural person who, at all times relevant herein, resided in the City of Los Angeles, which is located in Los Angeles County, California.

3. Defendant CACV OF COLORADO, LLC ("CACV") is and at all times relevant herein was a Colorado limited liability company with the principal street address of 4340 S. Monaco St., 2nd Floor, Denver, Colorado 80237.

4. NEUHEISEL LAW FIRM, P.C. ("NLF") is and at all times relevant herein was an Arizona professional corporation, with a principal address of 64 E. Broadway Road, Suite 245, Tempe, Arizona 85282.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such defendants when they have been ascertained. Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

6. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants. All actions of each of the defendants were ratified and approved by the other named defendants.

7. Defendants CACV and NLF are debt collectors, as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

## III. FACTUAL ALLEGATIONS.

8. Plaintiff, who is not a minor, obtained a credit card solely for personal,

family and household use, from a credit card issuer named MBNA.

9. NLF filed a lawsuit in the Superior Court of California, County of Los Angeles, on behalf of its client, CACV, seeking to confirm an arbitration award allegedly entered in favor of CACV and against Plaintiff. The purported arbitration was conducted by the National Arbitration Forum, and was based in part upon the allegation that MBNA had assigned its claim to CACV.

10. The purported arbitration was a default proceeding for which Plaintiff was never properly served. Further, the purported arbitration was with an arbitration company with extensive ties to the debt collection industry and particular debt collection firms. Upon information and belief, Plaintiff alleges that Defendants, and each of them, had direct financial relationships with the National Arbitration Forum.[1]

11. In their petition to confirm the award, CACV, NLF and DOES 1-5, added to the amounts they attempted to collect from Plaintiff fees and/or penalties not expressly authorized by law or by any agreement with Plaintiff, and attempted to collect such unauthorized fees and/ or penalties.

12. The petition to confirm the arbitration award was dismissed by the Los Angeles Superior Court. Subsequently, although NLF knew that Plaintiff was represented by counsel in connection with the alleged debt, NLF contacted Plaintiff directly by repeated, harassing telephone calls in an attempt to collect the debt on behalf of CACV.

13. In such further attempts to collect the debt, CACV, NLF and DOES 1-5 again added to the amounts they attempted to collect from Plaintiff fees and/or

---

[1] In or around July, 2009, the National Arbitration Forum agreed to stop arbitrating claims against consumers after the Minnesota Attorney General filed legal action against it based upon its ties to the debt collection industry.

penalties not expressly authorized by law or by any agreement with Plaintiff, and attempted to collect such unauthorized fees and/ or penalties..

## FIRST CLAIM FOR RELIEF

(For Violations of the FDCPA Against CACV , NLF, and DOES 1 through 5, inclusive)

14. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 13 above.

15. Within the past year, Defendants, and each of them, violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10);

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;

c) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1992f(1);

d) Causing a telephone to ring repeatedly and/or continuously with intent to annoy, abuse, or harass Plaintiff, in violation of 15 U.S.C. §1692d(5); and

e) Contacting a consumer in an attempt to collect a debt when the Defendants knew was represented by an attorney with respect to such debt, in violation of 15 U.S.C. §1692c(a)(2).

16. As a result of the above violations of the FDCPA, Defendants, and each of them, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

## SECOND CLAIM FOR RELIEF

(For Violations of the Rosenthal Act Against CACV, NLF, and DOES 1 through 5, inclusive)

17. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 16 above.

18. Within the past year, Defendants, and each of them, knowingly and wilfully violated California's Rosenthal Fair Debt Collection Practices Act (hereinafter the "Rosenthal Act"). Defendants' violations include, but are not limited to, the following acts performed in attempting to collect a consumer debt:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10) and California Civil Code section 1788.17;

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f and California Civil Code section 1788.17;

c) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1992f(1) and California Civil Code section 1788.17;

d) Causing Plaintiff's telephone to ring repeatedly or continuously to annoy the person called in violation of Civil Code section 1788.11(d); and

e) Contacting a consumer in an attempt to collect a debt when the Defendants knew was represented by an attorney with respect to such debt, in violation of 15 U.S.C. §1692c(a)(2) and California Civil Code section 1788.17.

19. As a result of defendants' violations of the Rosenthal Act, pursuant to Civil Code section 1788.30, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs.

/ / /
/ / /

## THIRD CAUSE OF ACTION

(For Declaratory Relief Against CACV, NLF and DOES 1 through 5, inclusive)

20. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 19 above.

21. An actual and existing controversy now exists between the parties hereto, in that Plaintiff contends that the actions of CACV, NLF, and DOES 1-5, inclusive, constituted willful violations of the Fair Debt Collection Practices Act and/or the Rosenthal Fair Debt Collection Practices Act, while conversely, those defendants contend that their actions are consistent with all applicable laws governing collection agencies.

22. A judicial declaration that the conduct of defendants CACV, NLF and DOES 1-5 violated applicable statutes is now just and appropriate.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the defendants as follows:

1. Statutory damages, pursuant to 15 U.S.C. section 1692k(a)(2) and/or Civil Code section 1788.30(b);

2. Actual damages, pursuant to 15 U.S.C. section 1692k(a)(1) and/or Civil Code section 1788.30(a);

3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. section 1692k(a)(3), and/or Civil Code section 1788.30(c) and/or Code of Civil Procedure section 490.020.

4. General damages, in an amount subject to proof at trial;

5. Declaratory relief; and

///
///
///
///

6. Such other and further relief as the Court deems just and proper.

PLEASE TAKE NOTICE that Plaintiff MARCOS M. DeMATTOS requests a trial by jury.

DATED: September 23, 2010                    Respectfully submitted,


                                             By: _____
                                                 Aidan W. Butler
                                                 Attorney for Plaintiff
                                                 MARCOS M. DeMATTOS

7                                   COMPLAINT

Aidan W. Butler (SBN 208399)
Attorney at Law
3540 Wilshire Blvd. Suite 1030
Los Angeles, CA 90010
Tel. (213) 388-5168; fax (213) 388-5178
tocontactaidan@gmail.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS M. DeMATTOS, an individual, <br><br> PLAINTIFF(S) <br> v. <br><br> CACV OF COLORADO, LLC, a Colorado limited liability company; NEUHEISEL LAW FIRM, P.C., an Arizona corporation; and DOES 1-10, inclusive, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV10 7199 VBK <br><br><br> SUMMONS |

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Aidan W. Butler_____, whose address is _3540 Wilshire Blvd. Suite 1030, Los Angeles, CA 90010_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

**CHRISTOPHER POWERS**

Dated: ___SEP 27 2010___      By: _____
                                    Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    SUMMONS

COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| MARCOS M. DeMATTOS, an individual | CACV OF COLORADO, LLC, a Colorado limited liability company; NEUHEISEL LAW FIRM, P.C., an Arizona corporation; and DOES 1-10, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Aidan w. Butler (SBN 208399)<br>3540 Wilshire Blvd. Suite 1030, Los Angeles, CA 90010 Tel. (213) 388-5168<br>tocontactaidan@gmail.com | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ No amount specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of the Fair Debt Collection Practices Act - 15 U.S.C. 1692 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | | | | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | | ☐ 830 Patent |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

CV10 7199

FOR OFFICE USE ONLY:  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) 
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Colorado, Arizona |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date Sept. 24, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |